[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION de THE DEFENDANT'S MOTION TO REOPEN, TOCLARIFY AND TO REARGUE AND RECONSIDER (#116)
The defendant's motion was heard on September 29, 1997.
1. The first issue raised is the award of the allowance to prosecute. The plaintiff's financial affidavit filed on April 22, 1997, listed a debt due her sister of $10,000.00 borrowed to pay attorney's fees as well as unpaid attorney's fees of $28,500.00. Contrary to the defendant's claim that
 "1. The court had no evidence presented regarding plaintiff's attorney's fees and cannot base an `allowance to prosecute' on a record void of fact."
the plaintiff's affidavit was in front of the court. The plaintiff's complaint contained a request for
 ". . . all other relief legal and/or equitable which the court may deem appropriate."
This court exercised its discretion in making the award,Febbrorillo v. Febbroriello, 21 Conn. App. 200. The order stands as written.
2. The second issue raised is the court's failure to prohibit the plaintiff from further encumbering the family home until its eventual sale. The point is well taken. The court will rewrite the order as part of the amended memorandum it will issue.
3. The third issue is the Bower and Gardner bankruptcy debt as it may apply to the defendant's bonus. The court will address this issue in its amended memorandum.
4. The court's order regarding tangible personal property stands as written.
The portion of defendant's motion requesting reargument was allowed. The portion of the motion seeking to clarify, to reopen CT Page 9988 and to reconsider is granted and orders #4 and #10 are rewritten in the amended memorandum filed simultaneously with this memorandum.
HARRIGAN, J.